UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NATHAN ELDERIGE JACOBS,**<br><br>Plaintiff,<br><br>v.<br><br>**PRESIDENT JOSEPH ROBINETTE BIDEN, JR.,**<br><br>Defendant. | 2:23-CV-11127-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER SUMMARILY DISMISSING CASE AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NOS. 1, 6, 7)** |

Nathan Elderige Jacobs, an individual without a lawyer, has filed a complaint against President Joe Biden, raising claims relating to the restoration of his rights to vote, sit on a jury, and hold public office after completing his criminal sentence. ECF No. 1. He asks to proceed without prepaying filing fees. ECF No. 2, 6. For the reasons below, this request will be granted, but his complaint will be dismissed.

**1. Application to Proceed In Forma Pauperis**

Jacobs has filed an application to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). The affidavit accompanying his application says that he receives $10,090 annually from disability payments but has a negative balance in his bank accounts. ECF No. 6, PageID.23–24. The affidavit also identifies as "debts or financial obligations" $1,500 in "driving privileges." *Id*. This affidavit adequately shows that Jacobs is indigent,

1

so the Court will grant his application and allow his application to be filed.

### 2. Review of Complaint

Once an in forma pauperis complaint has been filed, the Court must review it to ensure it is not frivolous or malicious, plausibly states a claim for relief, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2).

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, all litigants must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8 does not require "detailed" factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A complaint is considered "frivolous" if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989).

## DISCUSSION

### A. Allegations

Jacobs's complaint is short and difficult to decipher. As best at the Court can understand, it concerns the restoration of Jacobs's rights to

vote, sit on a jury, and hold public office following the completion of his term of probation after a Michigan felony conviction.

Jacobs appears to be asserting that defendants intentionally failed to restore his rights as required by state law following the completion of his state sentence. Following the completion of his state sentence, he notes that he served another sentence on a federal felony. His submission contains scattershot references to the Full Faith and Credit Clause, the concept of judicial notice, patent law, Ecclesiastical jurisdiction, 28 U.S.C. § 2903(b),[1] the Michigan State Constitution, the Privacy Act of 1974, 5 U.S.C. § 552a, and 28 U.S.C. § 2255. ECF No. 1, PageID.1, 5, 7. To his complaint, he attaches a state court order discharging his probation from May 2003 and related letters with a Third Circuit Court judge; an unexplained excerpt from the Sixth Circuit's decision in *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999) with an underlined section about *Froede v. Holland Ladder & Manufacturing Co.*, 523 N.W.2d 849 (Mich. Ct. App. 1994); and an order from the District Court for the Northern District of West Virginia from November 2017 denying a motion Jacobs filed in a civil case. ECF No. 1, PageID.8–14.

Jacobs seeks damages—in the amount of $16 billion—for these perceived violations.

---

[1] This statute regards the conditional release of prisoners from institutional custody into the Surgeon General's custody for treatment.

3

### B. Analysis

Jacobs's complaint must be dismissed. He names only President Biden as a defendant. The Supreme Court recognizes the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The President of the United States is one such person entitled to absolute immunity from suit and claims for damages. *Id.*; *see also Hafer v. Melo*, 502 U.S. 21, 29 (1991); *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982).

Moreover, the Court can discern no allegations concerning a violation of Jacobs' constitutional or federal statutory rights, so he has no claim under 42 U.S.C. § 1983. Jacobs invokes various laws but pleads no facts that would suggest claims under them. If he wishes to vote in the State of Michigan, he needs simply to register. Regrettably, neither Michigan law nor federal law will allow him to sit on a jury as a convicted felon. *United States v. Scantland*, 2010 U.S. Dist. LEXIS 142913, at *51–52 (E.D. Mich. 2010) ("In response to *Froede* and *Hampton*, however, the Michigan legislature amended Mich. Comp. Laws § 600.1307a to provide, in relevant part, that '[t]o qualify as a juror a person shall … [n]ot have been convicted of a felony.' Mich. Comp. Laws § 600.1307a(1)(e)."); 28 U.S.C. § 1865(b)(5). But there is nothing to indicate that he is totally ineligible to hold all positions of public office.

The Court acknowledges that it must liberally construe Jacobs' allegations. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). But even under the most generous reading, the Court cannot discern a cognizable claim. Thus, Jacobs may not proceed in a suit for money damages.

## CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed In Forma Pauperis, ECF No. 6, is **GRANTED**. To the extent that Plaintiff's motion claiming to be heard procedurally is a motion, ECF No. 7, it is **GRANTED**.

It is **ORDERED** that the Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

Dated: October 30, 2023    s/Terrence G. Berg
　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE